UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNA RIS,

    Plaintiff,

vs.

ICOLLECT.COM, CORP.

    Defendant.

_____/

CASE NO.

## COMPLAINT

Plaintiff, Deanna Ris ("Plaintiff"), by and through her undersigned counsel submits the following Complaint against Defendant, ICollect.com, Corp. ("Defendant").

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (*i.e.* "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff is a natural person and a citizen of the State of Florida, residing in Pasco County, Florida. Plaintiff is a cellular subscriber and has dominion over the cellular telephone that Defendant was calling.

6. Defendant is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection. Defendant regularly does business in Florida, is a licensed Consumer Collection Agency in Florida, and maintains a registered agent in Florida.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant contends that Plaintiff owes money on a loan obtained through MyCashNow.com. Plaintiff disputes that she owes any such debt.

10. At some point after the alleged debt went into default, the subject debt was assigned, acquired by or consigned to Defendant for purposes of collection.

11. In or around early 2016 Defendant began calling Plaintiff on her personal cell phone attempting to collect the subject debt. Defendant's phone calls were often in either an automated, pre-recorded voice or there was a pause and then a click before one of Defendant's agents would begin talking to Plaintiff.

12. On some occasions, when the phone call from Defendant clicked over from its automatic telephone dialing system, Defendant's agents would ask Plaintiff if she called Defendant or if Defendant called her.

13. Beginning in or around April 2016, Plaintiff demanded that Defendant stop calling her phone. In doing so, Plaintiff unambiguously retracted any consent Defendant could have believed it had to call Plaintiff's personal cell phone.

14. On numerous occasions, Plaintiff informed Defendant that the subject debt was not hers, that the calls bothered Plaintiff, and repeatedly requested that Defendant stop calling. Defendant's agents often responded by stating that they would not stop calling her and that the calls would continue until Plaintiff paid the subject debt.

15. Defendant's agents further threatened to put the subject debt on Plaintiff's credit report, even though Plaintiff informed Defendant that the debt was not hers.

16. Defendant's agents often would not state Defendant's business name or identity when calling Plaintiff.

17. Defendant never sent Plaintiff a dunning collection letter within five days of its initial communication as required by 15 U.S.C. § 1692g.

18. Defendant's agents would often hang up on Plaintiff during phone calls.

19. Defendants calls came in from a variety of telephone numbers, but most frequently from (866) 537-5907.

20. As of August 2016, Defendant continues to call Plaintiff's personal cell phone, without Plaintiff's consent, after Plaintiff has repeatedly demanded for months that Defendant stop calling her.

21. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial voice or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

22. Moreover, Defendant began placing automated telephone calls after Plaintiff informed Defendant to stop calling him and all reasonable attempts at persuasion and negotiation to collect the subject debt had failed. Defendant's calls were aimed solely at harassing Plaintiff and exhausting Plaintiffs will. *See Schauer v. Morse Operations, Inc.*, 5 So.3d 2, 5 (Fla. Dist. Ct. App. 2009) (citing *Story v. J.M. Fields, Inc.*, 343 So.2d 675, 677 (Fla. Dist. Ct. App. 1977)).

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates paragraphs 1 through 22 herein.

24. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, without Plaintiff's consent or after Plaintiff's consent had been revoked, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice; and

   d. Such other or further relief as the Court deems proper.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates paragraphs 1 through 22 herein.

26. Defendant's above-referenced actions violated the FDCPA, including violations of 15 U.S.C. 1692d, 1692d(2), 1692d(5), 1692d(6), 1692e, 1692e(5), 1692f, 1692f(1), and 1692g.

27. As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

## COUNT III

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff incorporates paragraphs 1 through 22 herein.

29. The foregoing acts and omissions of Defendant violate FCCPA § 559.72(7), which states that is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

30. As a result of Defendant's violations of FCCPA, pursuant to Section 559.77, Fla. Stat. Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for statutory damages as outlined above, attorney's fees, costs and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

                                Respectfully submitted,

                                **DISPARTI FOWKES & HASANBASIC, P.A.**

                                /s/ Ryan Hasanbasic, Esq.
                                Ryan C. Hasanbasic, Esq.
                                Fla. Bar No. 044119
                                Ryan@Dispartilaw.com
                                Paul R. Fowkes, Esq.
                                Fla. Bar No. 723886
                                Paul@Dispartilaw.com
                                2154 Duck Slough Blvd
                                Suite 101
                                Tampa, Florida 33607
                                (813) 221-0500
                                (813) 228-7077 (Facsimile)