# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEANNA RIS,

    Plaintiff,

v.                                              Case No: 8:16-cv-2414-T-30AAS

ICOLLECT.COM, CORP.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Final Default Judgment (Doc. 31). The Court will grant the default judgment as described herein.

## BACKGROUND

On August 22, 2016, Plaintiff Deanna Ris filed her Complaint (Doc. 1) against Defendant ICollect.com, Corp. Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). Specifically, Plaintiff alleges that Defendant, a debt collector, continued to call Plaintiff's cellular phone about a purported debt *after* Plaintiff revoked consent to receive the calls in or around April 2016. Plaintiff alleges that Defendant used an automatic telephone dialing system and/or an artificial voice.

On June 5, 2017, a Default was entered against Defendant for its failure to retain counsel (Doc. 30). Plaintiff now seeks a default judgment awarding her statutory damages, reasonable attorney's fees, and costs.

**DISCUSSION**

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

**I. TCPA**

The TCPA makes it unlawful to place non-emergency telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice without first obtaining the recipient's express consent. 47 U.S.C. § 227(b)(1)(A)(iii). It is the caller's burden to prove that it had prior express consent to place the calls. FCC Declaratory Ruling, FCC 07-232, ¶ 10 (Dec. 28, 2007). The TCPA provides for statutory damages of $500 per violation of the statute. 47 U.S.C. § 227(b)(3)(B).

Plaintiff's well-pleaded allegations—which Defendant has admitted due to its default—demonstrate that Defendant placed numerous calls to Plaintiff in an effort to collect on her alleged debt. Defendant made these calls using an automatic telephone

2

dialing system or an artificial voice. Plaintiff's motion for default judgment attaches screenshots from her cellular phone showing that Defendant placed a total of twenty-seven (27) calls to Plaintiff's cellular phone after she revoked consent (Doc. 31-1). Given that Defendant defaulted, it has not proven that it had Plaintiff's prior express consent to place these calls. Therefore, Defendant is liable for twenty-seven violations of the TCPA and **$13,500** in statutory damages. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) (noting that "[i]n plain terms" the TCPA allows a plaintiff to recover $500 in damages for each violation).

Plaintiff argues that the Court should exercise its discretion to increase Plaintiff's TCPA damages from $500 per violation to $1,500 per violation. A court may award treble damages when a defendant willfully or knowingly violated the TCPA. 47 U.S.C. § 227(b)(3)(C). Plaintiff's Complaint does not include factual allegations sufficient for the Court to find that Defendant willfully or knowingly violated the TCPA. Accordingly, the Court will not award more than $500 per TCPA violation.

## II. FDCPA

The FDCPA prohibits abusive, deceptive, and unfair practices by debt collectors. *See* 15 U.S.C. § 1692. The Complaint's allegations also support a violation of the FDCPA because Plaintiff alleges that she informed Defendant on numerous occasions that the debt was not hers, that Defendant's calls bothered her, and Plaintiff repeatedly requested that Defendant stop calling her. Plaintiff requests statutory damages in the amount of $1,000. The Court, in its discretion, reduces this amount to **$10**. *See* 15 U.S.C. § 1692k (providing that a debt collector who fails to comply with [the FDCPA] is

liable for any actual damages and "such additional damages as the court may allow, but not exceeding $1,000."). The Court is awarding $10 because this is a reasonable amount in light of the fact that Plaintiff is already receiving $13,500 in statutory damages under the TCPA for the same conduct.

### III. FCCPA

The FCCPA is modeled after the FDCPA and prohibits similar conduct by debt collectors. Plaintiff's Complaint establishes that Defendant violated the FCCPA. Like the FDCPA, the FCCPA provides for actual damages, additional statutory damages "as the court may allow" of up to $1,000, reasonable attorney's fees, and costs. Fla. Stat. § 559.77(2). Plaintiff requests statutory damages in the amount of $1,000. The Court, in its discretion, reduces this amount to **$10** for the same reason that it awards $10 under the FDCPA.

### IV. Attorney's Fees and Costs

Plaintiff requests an award of costs in the amount of **$455** and reasonable attorney's fees in the amount of **$6,132.50** under the FDCPA and the FCCPA. The Court concludes that these amounts were reasonably incurred. Plaintiff's motion is supported by the Declaration of her counsel, Ryan Hasanbasic, which attaches a copy of his Attorney Time Ledger as Exhibit 1. Hasanbasic's hourly rate is $275.00, which this Court approves as reasonable. The Court also approves Hasanbasic's 22.3 hours as reasonable in light of the facts of this case. Defendant was initially represented and filed an Answer. Plaintiff filed an initial Complaint, an Amended Complaint, the parties participated in the Case Management Conference, Plaintiff completed the Rule 26 Initial

4

Disclosures, drafted discovery requests, reviewed numerous voice-mail messages on Plaintiff's cellular phone, and, after Defendant's counsel withdrew from this case, Plaintiff's counsel moved to extend the Court deadlines, moved to hold Defendant in contempt for failing to retain an attorney, and then filed motions for default. Notably, most of Hasanbasic's time was necessitated by Defendant's failure to actively litigate this case.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Final Default Judgment (Doc. 31) is granted to the extent stated herein.

2. Plaintiff is entitled to a final judgment in the total amount of $20,107.50, which represents statutory damages under the TCPA, FDCPA, FCCPA, as well as an amount of reasonable attorney's fees and costs.

3. The Clerk is directed to enter a final judgment in favor of Plaintiff and against Defendant in the amount of **$20,107.50**, which shall accrue post-judgment interest at the statutory rate until paid in full.

4. The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record